This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michelle Bassette, appeals the judgment rendered in the Summit County Court of Common Pleas, Juvenile Division. This Court affirms.
Appellant is the mother of three children: Christopher (lives with his father) age 13, Megan age 10, and Miah age 11 months. On January 8, 2001, Stow Police officers, accompanied by Todd Kutzera of the Children Services Board ("CSB"), invoked Juvenile Rule 6 and took custody of Megan and Miah at appellant's home.
On January 9, 2001, CSB filed a complaint alleging that Megan and Miah were neglected and dependent. On March 29, 2001, an adjudicatory hearing was held, whereupon the Magistrate found the children dependent. Appellant filed timely objections. On August 10, 2001, the court overruled the objections and awarded temporary custody to CSB.
Appellant appeals, asserting three assignments of error. The assignments of error are considered together as they raise similar issues of law and fact.
 ASSIGNMENT OF ERROR ONE THE EVIDENCE IN SUPPORT OF AN ADJUDICATION OF DEPENDENCY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS MOTHER WAS ABLE TO DEMONSTRATE THAT SHE IS A SUITABLE CARETAKER FOR THE CHILDREN.
 ASSIGNMENT OF ERROR TWO CSB DID NOT USE REASONABLE EFFORTS TO REUNITE THE CHILDREN WITH THEIR MOTHER.
 ASSIGMENT OF ERROR THREE THERE WAS INSUFFICIENT EVIDENCE TO DEMONSTRATE THAT MOTHER IS UNFIT OR UNABLE TO CARE FOR HER CHILDREN, THEREFORE, THE COURT'S ADJUDICATION OF THE CHILDREN AS DEPENDENT WAS ERRONEOUS.
In her three assignments of error, appellant essentially claims that the trial court erred in finding Megan and Miah dependent children and awarding temporary custody to CSB. This Court disagrees.
A dependent child is any child "[w]ho lacks proper care or support by reason of the mental or physical condition of his parents, guardian, or custodian," or "[w]hose condition or environment is such as to warrant the state, in the interest of the child, in assuming the guardianship." R.C. 2151.04(B) and (C). The burden of proof to demonstrate that a child is dependent is reposed with the state by clear and convincing evidence.In Re Bishop (1987), 36 Ohio App.3d 123, 124. This Court's review is also informed by recognizing that a child's prospective condition, if threatening to his health and well-being, may justify a finding of dependency. In re Massengill (1991), 76 Ohio App.3d 220, 226.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment].
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten
(1986), 33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
A juvenile court's decision will be upheld absent an abuse of discretion. In re Roper (1993), 85 Ohio App.3d 318, 330. Abuse of discretion connotes more than an error of law or judgment as it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 137, citing State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Ten-year-old Megan has been hospitalized twice for suicidal ideation, and suffers from depression. During her hospitalization, Megan disclosed that appellant had struck her in the face, and about her head and arm. Megan was afraid to go home with appellant. Megan also disclosed that she was a victim of sexual abuse, and while CSB reported the allegations to police, appellant took no action.[1]
Megan was also diagnosed with juvenile diabetes, and appellant conceded that Megan had trouble with her insulin management. Megan and Miah were left alone by appellant overnight on two occasions, one of which Megan awoke and was scared to find that "mommy," was not home.
Appellant has unresolved mental health issues. Appellant was diagnosed with depression and panic disorder. Appellant takes Xanax and Zoloft, medications not meant to be used while consuming alcohol. However, appellant's sister testified that she observed her consuming 3-4 beers.
On January 8, 2001, two Stow police officers and a CSB worker, Todd Kutzera, were called to Lakewood Elementary School because Megan was inconsolable and expressed fear at returning home to appellant. The officers and Kutzera took Megan home. Kutzera tried to talk about a safety plan, but appellant could not control herself. Appellant screamed at Megan that it was her fault. Appellant raged "Get the fuck out of my house." Despite Kutzera's training at calming contentious situations, he could not talk to appellant. Appellant told police "[T]ake the little bitch, I don't want her."
Police observed that appellant's medications were within reach of her children. The residence was messy and in a state of disarray. Appellant had two 12-packs of beer in her refrigerator. Police then invoked Juvenile Rule 6 to take custody of Megan, and returned later for the baby, Miah, as she was subjected to an unstable environment at an age of maximum vulnerability — 11 months old.
The evidence at the adjudicatory hearing provided competent, credible evidence to support the trial court's adoption of the referee's report and recommendations. This Court cannot say, therefore, that the trial court abused its discretion in adopting the magistrate's report and recommendation. Nor does this evidence weigh heavily in appellant's favor such that the trial court's decision was contrary to the manifest weight of the evidence. Accordingly, appellant's first, second, and third assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] Appellant told police that she took no action because of her "nerves."